LAW OFFICES OF

## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON
———
SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297

WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292
———
OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

October 22, 2021

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
**Filed via ECF**

**RE:**   *Jei Kanchanawong vs. Amobee, Inc.,*
         **Docket No. 1:21-cv-4409 (Settlement Approval)**

Dear Judge Broderick:

Plaintiff, Jei Kanchanawong, ("Plaintiff") requests that Your Honor review and approve the settlement reached in this matter. A copy of the executed settlement agreement is annexed herein as Exhibit "**A**."

## BACKGROUND

Plaintiff filed a Complaint asserting that Defendant(s) violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages at the overtime rate, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3).

## CLAIMS AND DEFENSES

**Plaintiff's Claims**

Plaintiff began his employment with Turn Inc. in November 2013 to provide desktop support and was compensated at a salary rate. Plaintiff was assigned to a team that maintained a staffing level of six (6) individuals. On or about May 15, 2021, Defendant terminated Plaintiff. However, through his employment and upon his recall and recollection, Plaintiff worked approximately fifty (50) hours a week, maintaining a schedule of 8:30 a.m. to 6:30 p.m., Monday through Friday. Furthermore, Plaintiff was required to respond to emails and support request tickets on weekends and after his shift. Additionally, Plaintiff was assigned to projects to required Plaintiff to work a near a full shift on weekends. Plaintiff was not compensated the half-rate due to him for all hours worked over forty (40) in a work week. Nor was Plaintiff provided an accurate wage stub with the hours worked by Plaintiff in a work week.

**Defendants' Response**

Defendant believes that it properly classified Plaintiff as exempt based upon his duties and the salary that it paid to him. Specifically, Plaintiff's salary of $110,000 readily met the requisite salary threshold under both the FLSA and NYLL. Further, Defendant believes that Plaintiff's duties qualified him for exemption under the Computer-Related Employee Exemption (29 U.S.C. §§ 213(a)(1), 213(a)(17); 29 C.F.R. § 541.400) insofar as that his primary duty consisted of the application of systems analysis techniques and procedures, the modification of computer systems and programs, and the modification of programs for machine operating systems. As such, Defendant believes that it would have successfully established that Plaintiff was not entitled to overtime compensation under federal or state law.

In addition, given that Defendant believed Plaintiff to be exempt in accordance with the foregoing, Defendant believes that Plaintiff's derivative claims under § 195(1) and § 195(3) of the NYLL are also without merit as the information Defendant provided to Plaintiff was commensurate with that required to be provided to an exempt employee.

As a final matter, Plaintiff executed an arbitration agreement requiring arbitration of all his claims, which Defendant would have sought to enforce had the Parties not reached a settlement.

## SETTLEMENT AMOUNT

The Parties resolved this matter through an agreement by Parties in the monetary amount of $20,0000.00.

Plaintiff claimed that he worked an average of fifty (50) hours per week without being paid overtime. Plaintiff was paid a salary rate, depending on year, in excess of $110,000.00. Therefore, Plaintiff's best-case award would be $51,000.00 in unpaid wages, a similar amount in liquidated damages, and $10,000.00 for violations of the Wage Theft Prevention Act.

Therefore, given the defenses as asserted by the Defendants, a settlement of $20,000.00 which nearly compensates Plaintiff forty five percent (45%) of wages owed, as alleged by the Plaintiff, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel given the seriously questions as to Plaintiff's exemption status as a highly compensated employee.

## ATTORNEY FEES

Under Plaintiff's professional services-contingency fee agreement with the Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $6,501.13 in attorney's fees and $496.60 in costs. According to the retainer agreement, Plaintiff's counsel is to receive one-third of any recovery and reimbursement for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without

compensation of any kind to date, and his fee has been wholly contingent upon the result achieved.

Here the attorney fee, which accounts for one-third of the total settlement amount, is consistent with contingency fee agreements that the Second Circuit commonly approves in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; See also Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

The Courts routinely utilize the lodestar method when approving attorney's fees under a contingency agreement. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees is based on the presumptively reasonable fee, sometimes called the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *See Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

>    (1) the time and labor required;
>    (2) the novelty and difficulty of the questions;
>    (3) the skill requisite to perform the legal service properly;
>    (4) the preclusion of employment by the attorney due to acceptance of the case;
>    (5) the customary fee;
>    (6) whether the fee is fixed or contingent;
>    (7) time limitations imposed by the client or the circumstances;
>    (8) the amount involved or the results obtained;
>    (9) the experience, reputation, and ability of the attorneys;
>    (10) the 'undesirability of the case;'
>    (11) the nature and length of the professional relationship with the client; and,
>    (12) awards in similar cases.
>
> > *See Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400);  *See also Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Plaintiff seek an hourly rate of $400.00 for Lawrence Spasojevich, who was an attorney at the Law Offices of James F. Sullivan, P.C. and now an attorney at Aidala, Bertuna & Kamins, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Seventy percent (70%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Before joining the Law Offices of James F. Sullivan, P.C. and Aidala, Bertuna & Kamins, P.C., Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York, where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Here, the fee amount of $6,501.13 is greater than the lodestar amount of $5,120.00 Contemporaneous time records of work performed concerning the case are attached hereto as Exhibit "**B**." The proposed allocation represents a lodestar multiplier of 1.27. Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other cases. *See, e.g.*, *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [Plaintiff's counsel] appropriately").  The Plaintiff and the Plaintiff's counsel have a contingent fee agreement compensating the Plaintiff's counsel one-third of any settlement plus prepaid costs and expenses. Nothing additional is to be paid by the Plaintiff to the Plaintiff's counsel.

## **THE SETTLEMENT SHOULD BE APPROVED**

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, "the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135l n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is fair and reasonable. *See, e.g., Meigel v. Flowers of the  World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ.

7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiff's recollection of hours is sufficient to prove the hours worked and the wages received; however, this recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to claimed hours.

Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a total recovery of unpaid wages and liquidated damages, and the speed of payment, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

I thank the Court for its attention to this matter.

                                                  Respectfully,

                                                  _____/S/_____
                                                  Lawrence Spasojevich, Esq.
                                                  *Attorney for Plaintiff*