UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JEI KANCHANAWONG,                                           :
                                                            :
                                  Plaintiff,                :
                                                            :         21-CV-4409 (VSB)
                -against-                                   :
                                                            :         **OPINION & ORDER**
                                                            :
AMOBEE, INC.,                                               :
                                                            :
                                  Defendant.                :
------------------------------------------------------------X

Lawrence Spasojevich
Aidala, Bertuna, & Kamins, P.C.
New York, New York
*Counsel for Plaintiff*

Jonathan Stoler
Brian Daniel Murphy
Sheppard, Mullin, Richter & Hampton
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On or about October 11, 2021, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 18-1, at 5.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement is fair and reasonable, the parties request to approve it is GRANTED.

I. **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the

totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

##   II.   Procedural History

Plaintiff Jei Kanchanawong commenced this action on May 17, 2021.  (Doc. 1.) Defendant's counsel appeared on June 24, 2021, (Docs. 6–7), and this case was referred to mediation on June 25, 2021, (Doc. 9.)  After the mediator reported that settlement had been reached on all issues, on October 12, 2021, I issued an order discontinuing the action.  (Doc. 16.)  On November 15, 2021, Plaintiff filed a letter motion seeking approval of the parties' settlement agreement, (Doc. 18), the settlement agreement itself, (Doc. 18-1), and attorney time records, (Doc. 18-2).

##   III.   Discussion

I have reviewed the settlement agreement, the supporting letter motion, and Plaintiff's counsel's time records to determine whether the terms are fair, reasonable, and adequate.  I find that they are.

### A.   *Settlement Amount*

I first consider the settlement amount.  The settlement agreement provides for the distribution to Plaintiff of $20,000, inclusive of attorney's fees and expenses.  (Doc. 18-1 ¶ 1.) Plaintiff explains that he was a salaried employee who Defendant paid in some years as much as $110,000, and that his best possible recovery in this action would be around $51,000 in unpaid wages, $51,000 in liquidated damages, and $10,000 for violations of the Wage Theft Prevention Act.  (Doc. 18, at 2.)  The parties also explain Defendant's arguments as to why Plaintiff was an exempted employee under both FLSA and the similar New York Labor Law.  (*See id.*).

Under the circumstances, I find the settlement amount to be fair and reasonable.  The amount—$20,000—reflects roughly 45% of the unpaid wages allegedly owed to Plaintiff, which falls within the realm of reasonableness given the arguments Defendant likely would have raised to avoid liability had the parties proceeded with litigation.  Moreover, I find no basis to think that the

settlement agreement was the result of fraud or collusion. Both parties were represented by counsel who negotiated at arm's length.

Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances, I find that the settlement amount is fair and reasonable.

### B.   *Attorneys' Fees*

The settlement agreement awards to Plaintiff's counsel $6,501.13 in fees and $496.60 in costs. (Doc. 18, at 2; Doc. 18-1 ¶ 1).

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) (citations omitted). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

I find the amount of attorneys' fees fair and reasonable. The fee amount represents one-third of the total settlement. Based on the time records submitted by Plaintiff's counsel, their time spent on this matter would have resulted in fees of $5,615.60, (Doc. 18-2), which would reach the requested fee amount under a meager lodestar multiplier of approximately 1.16. Thus, under either the percentage of the fund method or the lodestar method, the amount of fees of $6,501.13 is fair and reasonable.

## IV. Conclusion

For the foregoing reasons, having reviewed the parties' proposed settlement agreement in its entirety, I find that the settlement agreement is fair and reasonable. Accordingly, the motion to approve the settlement agreement of the parties is hereby APPROVED.

SO ORDERED.

Dated: December 27, 2021
New York, New York

_____
Vernon S. Broderick
United States District Judge